22 C. C. P. A. (Patents)

## In re GOEHRING.

### Patent Appeal No. 3481.

Court of Customs and Patent Appeals.
June 10, 1935.

A. H. Golden, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of patentability in view of the cited prior art, claims 2 to 5, inclusive, 7, 8, 10, 13 to 17, inclusive, 21, 22, 24, 27, 29, 30, 32, 33, 34, 47, 48, 51, 54, 55, and 56 of appellant's application. Certain claims of said application have been allowed.

Of the claims on appeal, claims 2, 8, 13, and 48 are illustrative, and read as follows:

"2. In a lock system, a series of locks, means for operating each of said locks, electrical means adapted to control said locks, and a balanced electrical circuit for controlling said electrical means."

"8. In a lock system, a series of locks, electrically operated disabling means for said locks, and time controlled means adapted to render said disabling means ineffective after they have been effective for a designated period."

"13. In a lock system, a series of locks, an electrical circuit having means for controlling the operation of said locks, and a triple control exercised over said circuit by control means comprising means operable by attempted lock operation, a second electrical circuit, and a time controlled mechanism, said triple control means being so inter-related that the condition of each of said controls will be in predetermined relation to the others of said triple control means."

"48. In a lock system, a series of locks, electrical means in each of said locks for controlling the operation thereof, an electric circuit for each of said means and a switch for said circuit, an attack circuit having a relay, said switch being operable by said attack circuit relay, and means for preventing unauthorized resetting of said switch."

The references cited and relied upon are: Lawrence, 1,629,347, May 17, 1927; Carleton, 657,211, September 4, 1900; Rich, 1,529,276, March 10, 1925.

Appellant's alleged invention embraced in the claims before us is described by the Board of Appeals as follows:

"The claims on appeal are directed to electromagnetically controlled lock structure especially designed for the protection of funds in a bank. Appellant proposes to provide a number of locks arranged in parallel in a control circuit and operative to protect the valuables of a bank. These locks are provided with manual means for bolt retraction and are controlled by a blocking armature which may be withdrawn from blocking position by the operation of electromagnets individual to each lock structure. These magnets, as above indicated are in parallel circuits which include as a means for control two switches, one in each lock itself and another at some inaccessible central point. The switch last mentioned is subject to control by an electromagnet which is in turn controllable by an attack circuit, so-called, or by hand-operated push buttons. Time-controlled mechanism is also provided for restoring these switches at a predetermined time after their automatic opening by the electromagnet last mentioned.

"The attack circuit above referred to is of a known type and includes a balanced relay adapted to close a circuit when the attack circuit is either broken or in part shunted. The attack circuit effects control of the second lock switch through a relay around which the various push-buttons above referred to are shunted.

"The time-controlled restoring mechanism and the various electromagnetic means which operate the second switch of each lock circuit are housed and are rendered inaccessible upon attack by one of the various locks which serves to control the housing."

The patent to Lawrence relates to an alarm system for vaults and is described in the decision of the Board as follows: "The patent to Lawrence shows a protective system for vaults designed not to control locks but to set off an alarm upon tampering with the vault or the attack circuit of the system. The Lawrence attack system, like appellant's includes a balanced relay which in turn controls another relay to the operation of which the alarm is subject. Upon operation of the alarm relay, timing mechanism is tripped which, after a predetermined period, restores the alarm relay to operative condition."

The patent to Rich relates to a system for locking the doors of a bank. The system utilizes a series of locks which are tripped by the energizing of electromagnets made a part of each lock structure. These electromagnets are operated from any one of a series of push buttons designed to be installed upon the floor of the

bank at appropriate points, all of them being connected in multiple and being operable by foot pressure. His disclosure also shows an arrangement for energizing electric lights within the bank to acquaint employees with the fact that the "trap" has been sprung, as well as registering an indication on an annunciator in a police station. The locks shown by Rich are not of the same type shown by appellant because the bolt in the Rich lock is gravity-operated instead of manually as in appellant's lock; furthermore, the lock of Rich contains no circuit controlling switch.

The patent to Carleton shows a lock of the same type, basically, as appellant discloses. The lock includes roll-back mechanism for drawing the bolt; there is also disclosed a dogging arrangement, electrically controlled, which normally prevents operation of the lock through the rotation of the roll-back. There is also included in Carleton's lock a circuit closing means which serves, in conjunction with similar means located externally of the lock, to nullify the dogging mechanism.

For the purpose of consideration, the Board of Appeals in its decision divided the claims here on appeal into three groups, as follows: (1) Claims 2 to 5, inclusive, 7, 15, 16, 17, 21, 22, 24, 29, 30, 32, 33, 34, 47, 51, 54, 55, and 56; (2) claims 8, 10, and 27; (3) claims 13 and 14. Claim 48 was separately considered. We shall likewise consider said claims.

With respect to the claims in the first group, the Board held them to be unpatentable over Rich in view of the control circuits of Lawrence, or, as stated by the Board, "viewing the combination in another light, we see nothing inventive in substituting locks for the alarm of Lawrence in view of Rich."

We are in accord with this view. It seems to us that one skilled in the art, with the Lawrence and Rich patents before him, would readily produce appellant's combination, set out in the claims of the first group, without exercise of the inventive faculty.

The claims constituting the second group, viz., claims 8, 10, and 27, were rejected both by the Examiner and the Board on Carleton in view of Lawrence. The Board in its decision with respect to these claims said: "* * * These claims involve nothing over Carleton except the use of a time-controlled mechanism for controlling the lock circuit in addition to the manually operable external means. It is conceivable that in a lock system such as Carleton discloses it might be advisable to render such system inoperative during certain hours of the day and we think it obvious for this purpose to provide, either in series or in shunt with the circuit, some sort of a time control such as shown, for instance, at A in the Lawrence patent."

Appellant in his brief calls attention to the fact that the Board, at an earlier point in its decision, had held that there is nothing in the Carleton or Lawrence patents suggesting their combination in such a manner as to meet some of the claims in the first group, and that it did not regard such a combination as obvious, and appellant urges that therefore it should be held that the combination of Carleton and Lawrence was improper in rejecting the claims of the second group.

With regard to this contention, we would observe that, in rejecting the second group of claims, the Board did not consider Lawrence except for purposes of illustrating a type of time control that could, without invention, be applied to Carleton. Appellant in his specification states: "* * * Any type of time control for reestablishing the system or for permitting reestablishment may be used, but the means shown are preferred."

We are not convinced that the Patent Office tribunals erred in rejecting the claims of the second group upon Carleton in view of Lawrence.

With respect to claims of the third group, viz., claims 13 and 14, the Board said: "We agree with the examiner that claims 13 and 14 are indefinite. These claims specify that certain control means are so inter-related that a condition of each control will be in predetermined relation to certain other controls. It is the office of a claim to point out the relation of the parts by which a desired result is effected. Obviously the language used in these claims leaves the relationship wholly indeterminate."

We are in accord with the views above quoted respecting said claims 13 and 14.

In affirming the rejection of claim 48, the Board said: "Claim 48 is considered unpatentable over Rich in view of Lawrence. Assuming the control of the Rich circuit through Lawrence's relay C, this relay and the other parts which are associated therewith are disposed in inaccessible

positions and therefore provided with 'means for preventing unauthorized resetting of said switch' (Relay C)."

We are in accord with the above view of the Board. An examination of the Lawrence specification discloses that all of his control devices are either located within the vault itself or, as in the case of relay C referred to by the Board, within the alarm gong housing; said alarm gong housing itself being placed, it is indicated in the specification, in an inaccessible position. Inasmuch as claim 48 differs from claim 47 principally in the inclusion of this element of inaccessibility, and since we agree that this element does not render claim 48 patentable, we agree with the Board that the claim should be rejected.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.